**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:17-cv-02411-NYW

DREW MILLER,

      Plaintiff,

v.

INSTITUTE FOR DEFENSE ANALYSES, a Delaware Non-Profit Corporation,

      Defendant.

---

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ADD SEVENTH
CAUSE OF ACTION AND CLAIM FOR RELIEF [DKT. 23]**

---

Defendant Institute for Defense Analyses ("IDA"), by and through its undersigned counsel, respectfully submits this response in opposition to Plaintiff's Motion to Add Seventh Cause of Action and Claim for Relief [Dkt. 23] ("Plaintiff's Motion to Amend").  For the reasons stated below, Plaintiff's Motion to Amend should be denied.

**I.      INTRODUCTION**

Plaintiff seeks leave to add a seventh claim for relief to this action, alleging defamation per se, based on written statements made by in-house counsel, Benjamin Lindorf, in anticipation of future litigation and in the course of defending IDA from allegations made in a threatened administrative complaint filed by Plaintiff with the Department of Defense Inspector General.  As set forth in detail below, Plaintiff's Motion to Amend should be denied because the statements

made by Defendant's in-house counsel are shielded by the litigation privilege, and Plaintiff's Motion to Amend is therefore futile.

## II.    PROCEDURURAL BACKGROUND

Plaintiff filed his complaint on October 6, 2017. [Dkt. 1].  On January 30, 2018, Defendant filed a partial motion to dismiss seeking to dismiss Plaintiff's FLSA claim (Third Cause of Action) [Dkt. 16] due to expiration of the statute of limitations.  That motion presently remains pending. Also on January 30, 2018, Defendant filed its answer and affirmative defenses, responding to the allegations in Plaintiff's complaint that were not part of the FLSA claim. [Dkt. 15].  Plaintiff filed Plaintiff's Motion to Amend on March 12, 2018. [Dkt. 23].

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 provides that leave to amend a complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave to amend is by no means automatic.  *See Ouedraogo v. Downtown Denver Bus. Improvement Dist.,* No. 12-CV-01373-JLK, 2014 U.S. Dist. LEXIS 18330, at * 36 (D. Colo. 2014) (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2004)).  Leave to amend can be denied under a number of circumstances, including "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or **futility of amendment**."  *Tatten v. City Cnty. Of Denver,* 2017 U.S. Dist. LEXIS 66738 at *15 (D. Colo. 2017) (emphasis added).  A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal."  *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007).  *See also Watson v. Beckel,* 242 F.3d 1237, 1239-40 (10th Cir. 2001) (an amendment is futile if it would not

survive a motion for summary judgment).  Ultimately, whether to allow amendment is within the

trial court's discretion.  *Id. at *16.*

## IV.    ARGUMENT

### a.  The Proposed Amended Complaint is Futile

The Court here should deny Plaintiff's Motion to Amend because the requested amendment

is futile.  Plaintiff seeks to amend his complaint solely to add a claim for defamation,[1] *see* [Dkt.

23] ¶ 17, which claim is based on written statements made by Benjamin Lindorf, General Counsel

for Defendant, in a letter to the Department of Defense Office of Inspector General (DoD IG).

Lindorf's communication is absolutely privileged, however, because it was made in anticipation

of litigation and in the process of defending the entity he represents from claims threatened and

eventually made in a quasi-judicial proceeding.  Exhibit A, Affidavit of Benjamin Lindorf ¶ 4.

Colorado law provides for an absolute privilege for statements in the course of or

preliminary to a proposed judicial proceeding:

> An attorney at law is absolutely privileged to publish defamatory
> matter concerning another in communications preliminary to a
> proposed judicial proceeding, or in the institution of, or during the
> course and as a part of a judicial proceeding in which he participates
> as counsel, if it has some relation to the proceeding.

*Club Valencia Homeowners Ass'n v. Valencia Associates,* 712 P.2d 1024, 1027 (Colo.

App. 1985), *quoting Renner v. Chilton,* 142 Colo. 454, 351 P.2d 277 (1960).  As explained in the

*Restatement (Second), Torts Section 586,* from which Colorado draws the privilege, the statement

must be one made by an attorney acting in his capacity as such, and must have some connection

---

[1] Plaintiff has not provided an actual amended complaint, and it is unclear against whom Plaintiff seeks to add the
defamation claim.  Lindorf is not a defendant in the case and has not been served with any complaint.  Regardless,
the requested amendment is futile whether the claim is sought against Defendant, Lindorf, or both, as the litigation
privilege applies under any circumstance.

to the subject matter of the proposed or pending litigation. *Id.*, comment c. *See also Merrick v Burns et. al.*, 43 P.3d 712, 714 (Colo.App. 2001) (communications "preliminary to a judicial proceeding" can be protected by the litigation privilege where the statements "have some relation to a proceeding that is actually contemplated in good faith."). The purpose of this privilege "is to afford litigants the utmost freedom of access to the courts to preserve and defend their rights and to protect attorneys during the course of representation of their clients." *Club Valencia Homeowners Ass'n*, 712 P.2d at 1027. *See also*, *Merrick*, 43 P.3d 712,714 (Colo.App. 2001) (communications "preliminary to a judicial proceeding" can be protected by the litigation privilege where the statements "have some relation to a proceeding that is actually contemplated in good faith."

Here, Lindorf's communication to the DoD IG was made in direct response to a letter from Plaintiff to IDA, dated January 22, 2017, in which Plaintiff threatened to file "a complaint with the DoD IG" and "**a lawsuit**" alleging that Defendant had engaged in fraud, waste of government funds, and had retaliated against Plaintiff for whistleblowing. *See* Exhibit B, January 22, 2017 letter to Dr. Chu (emphasis added). In response to this threat of litigation and in defense of the claim that Plaintiff did indeed file, Lindorf wrote the DoD IG to accurately explain the reasons for Plaintiff's termination from employment. *See* Exhibit C, February 24, 2017 letter to the Office of the Inspector General. Lindorf truthfully reported as well that Plaintiff had threatened that he would make such allegations to the DoD IG unless Defendant agreed to pay him $350,000, and accurately described Plaintiff's threat as an attempt to extort a significant settlement from IDA.[2]

---

[2] It should be noted that Plaintiff's letter to IDA did not simply threaten legal claims against IDA. It also mentions the "bad publicity" and "damage to IDA's reputation" that IDA could avoid if it paid the requested amount. Exhibit B.

*Id.* Lindorf's communication clearly was made "preliminary to a proposed judicial proceeding" -- the "lawsuit" Plaintiff had threatened -- and had "some relation to the proceeding," as required by *Club Valencia.* As such, under Colorado law, the communication is absolutely privileged, and the amendment is futile and should be denied.

Lindorf's communication also is protected because it was made in the course of quasi-judicial proceedings, Plaintiff's complaint to the DoD IG.  In addition to the prior-to-litigation privilege, Colorado also law provides that "statements made in the course of judicial or **quasi-judicial** proceedings, even if the remarks are false or defamatory and made with knowledge of their falsity, are absolutely privileged if they bear some relation or reference to the subject of the inquiry."  *Dept. of Admin. V. State Personnel Bd. of State*, 703 P.2d 595, 597-98 (Colo. 1985) (emphasis added) (partially overruled on different grounds by *Hoffler v. Colo. Dept. of Corr.,* 27 P.3d 371 (Colo. 2001).  *See also Williams v. Boyle*, 72 P.2d 392, 400 (Colo. 2003) (absolute privilege extends to quasi-judicial proceedings); *MacLarty v. Whiteford,* 496 P.2d 1071 (Colo.App. 1972) (privilege is extended to various administrative agencies); *Lininger v. Knight*, 226 P.2d 809 (Colo. 1951) (absolute privilege applied to unsolicited petition sent to a Board of County Commissioners in connection with liquor license proceeding).

Here, the remarks were not false; but the Court need not decide that issue here as there can be no question that they were made in the course of quasi-judicial proceeding.  The DoD IG is authorized by statute and DoD directive to act in a quasi-judicial capacity.   It conducts investigations and issue findings with regard to complaints of retaliation against whistleblowers employed by government contractors.  *See 10 U.S.C. Section 2409(b) and 2409(c).*  It has the power to investigate complaints, make decisions on whether unlawful retaliation took place, and

order significant remedial measures including reinstatement and payment of compensatory damages. *Id.* Lindorf's letter to the DoD IG was made in direct response to Plaintiff's threat to file a complaint with the DoD IG, a complaint that Plaintiff actually did file in February of 2017. Complaint Paragraph 75. Because Lindorf's communication was made in the course of a quasi-judicial proceeding, it is afforded absolute privilege, and Plaintiff's Motion to Amend should be denied.

## V.    CONCLUSION

For the reasons set forth herein, and in Defendant's Motion to Dismiss (ECF No. 19), Defendant respectfully requests the Court issue an order denying Plaintiff's Motion for Leave to Amend Complaint.

Respectfully submitted this 6th day of April, 2018.

*s/ Timothy M. Kratz*
Timothy M. Kratz
Melisa H. Panagakos
JACKSON LEWIS P.C.
950 17th Street, Suite 2600
Denver, CO 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5575
Tim.Kratz@jacksonlewis.com
Melisa.Panagakos@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of April, 2018, a true and correct copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ADD SEVENTH CAUSE OF ACTION AND CLAIM FOR RELIEF** was served via U.S. Regular Mail on the following:

*PRO SE PLAINTIFF*

Drew Miller
1855 Smoke Ridge Drive
Colorado Springs, CO 80919

*s/ Karen L. Brock*
for Jackson Lewis P.C.