# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02411-NYW

DREW MILLER,

    Plaintiff,

v.

INSTITUTE FOR DEFENSE ANALYSES, *a Delaware Non-Profit Corporation*,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

    Pending before this court is Plaintiff Drew Miller's ("Plaintiff" or "Dr. Miller") "Notification of Government Accountability Office Contact and Request for Approval to Release All Documents on this Case to GAO and Decision on IDA MSJ" (the "Motion"), filed February 19, 2019. *See* [#70]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated December 27, 2017 [#14]. The court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon review of the Motion, Defendant Institute For Defense Analyses' Response in opposition to the Motion [#73], and the applicable case law, the court hereby **DENIES** the Motion to the extent that Plaintiff seeks to modify the Protective Order in this matter to allow him to disclose documents produced by Defendant Institute for Defense Analyses ("IDA") to the Government Accountability Office.

## BACKGROUND

    The court has discussed the background of this case in prior Orders, *see* [#34; #75], and, therefore, it will limit its discussion herein to only the facts most relevant to the pending Motion. Dr. Miller initiated this action on October 6, 2017, asserting federal claims against IDA for: False

Claims Act retaliation ("Claim 1"), Defense Contractor Whistleblower Protection Act retaliation ("Claim 2"), and non-payment of earned wages under the Fair Labor Standards Act ("FLSA") ("Claim 3"); as well as state law claims for: wrongful discharge in violation of public policy ("Claim 4"), termination for lawful off-duty activity ("Claim 5"), and unlawful prevention of an employee's political participation ("Claim 6"). *See generally* [#1]. The court granted Defendant's Partial Motion to Dismiss and dismissed Claim 3, and Plaintiff did not seek leave to further amend Claim 3 despite an opportunity to do so. *See* [#34; #35].

The court entered a Scheduling Order on February 7, 2018. [#20]. During a Status Conference held before the court on April 13, 2018, Defendant indicated its intent to seek a Protective Order, and Dr. Miller objected to any Protective Order. [#30]. The court ordered briefing, which followed. *See* [#31; #32]. On July 2, 2018, the court granted in part and denied in part IDA's Motion for Protective Order. *See* [#36]. The court concluded that: (1) IDA's status as a Federally Funded Research and Development Center ("FFRDC") did not, standing alone, prohibit the issuance of a protective order; (2) Plaintiff's desire to unilaterally share discovery in this litigation to third parties did not defeat the issuance of an appropriate protective order; and (3) IDA's proposed Protective Order needed further refinement as to the definitions of "proprietary and confidential" and to the identification of those non-parties that could receive and/or review confidential information. *See generally* [*id.*]. Upon review of the Parties' second proposed Protective Order [#39], the court issued a Protective Order that defined "proprietary" and "confidential" and precluded the Parties from sharing or using such information "for any purpose except the preparation and trial of this case <u>unless otherwise authorized by the disclosing party or the court</u>." [#40 at 3 (emphasis in original)].

Plaintiff then filed the instant Motion on February 19, 2019. *See* [#70]. In it, Dr. Miller represents to the court that the GAO contacted Plaintiff because it "is doing a review of FFRDCs and emailed me with a request to talk to their investigative team about the allegations in this case." [*Id.* at 1]. Dr. Miller seeks guidance from the court about his ability to communicate with the GAO about this litigation, and requests "the Court's approval to communicate with GAO and provide all information I have filed on this case." [*Id.* at 1-2].[1]

The court directed to IDA to respond to the Motion on or before February 26, 2019, prohibited any replies, and set this matter for a Telephonic Status Conference. *See* [#71]. IDA opposes the requested relief, arguing that despite Plaintiff's representations, it was he that initiated contact with the GAO; that the GAO's communication with Plaintiff does not necessarily seek disclosure of documents filed in this litigation, rendering such a situation speculative; and that Dr. Miller should not be able to flout the Protective Order in this case by providing confidential information to the GAO, especially since IDA is purportedly working independently with the GAO, and thus any request for documentation shall come from IDA. *See* [*id.* at 1-3]. Having reviewed the Motion and Response, the court concludes that the Motion is ripe for disposition prior to the March 1 Status Conference, and therefore considers the Parties' arguments below.

## ANALYSIS

The GAO is "an instrumentality of the United States Government independent of the executive departments." 31 U.S.C. § 702(a). "Congress has consistently viewed the Comptroller General as an officer of the Legislative Branch." *Walker v. Cheney*, 230 F. Supp. 2d 51, 53 (D.D.C. 2002). Under the authorizing statute, the Comptroller General is granted broad authority to carry

---

[1] Dr. Miller also requests a ruling on IDA's Motion for Summary Judgment [#43], but the court has since issued its Memorandum Opinion and Order granting the Motion for Summary Judgment on February 26, 2019. *See* [#75]. Thus, the court **DENIES AS MOOT** this request.

3

out investigations and evaluations for the benefit of Congress. *Walker*, 230 F. Supp. 2d at 53. To that end, the GAO has its own investigative authority, including the power to issue administrative subpoenas should an entity decline to voluntarily comply with requests for documents by the GAO. 31 U.S.C. §§ 712, 716(c).

To the extent that Dr. Miller is seeking a court order with respect to his first inquiry, i.e., "whether I have an independent obligation to cooperate with the GAO's inquiry," this court declines to pass on whether Dr. Miller's participation in a separate GAO inquiry is required or not. Dr. Miller has cited no authority, and this court has found none independently, to suggest that it has jurisdiction over or any role with advising Dr. Miller regarding his participation in the GAO inquiry at this juncture. Indeed, the doctrine of separation of powers counsels against such a ruling, except to the extent it implicates Dr. Miller's obligations in this action.

The court now turns to this second issue, i.e., "whether [the court] wants a Protective Order to apply to a federal agency conducting an investigation of a federally funded organization." [#70 at 1]. Framed another way, this court does maintain jurisdiction as to whether the Protective Order entered by the court in this action should be modified to permit Dr. Miller to disclose documents and information produced by IDA and/or designated confidential under the Protective Order to the GAO. To the extent that there are public filings on the court's dockets, those materials are open to all, and can be shared by Dr. Miller with the GAO. But to the extent that Dr. Miller is "requesting the Court's approval … to provide all information I have filed on this case," including those documents designated under the Protective Order or information drawn from those documents, the court declines to do so. A party has no right to make unrestricted disclosure of information obtained through discovery. *See Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, 387 (D. Colo. 2000). If Dr. Miller believes that certain materials have been improperly designated

4

under the Protective Order, the Protective Order provides a mechanism by which he can seek relief after a robust meet and confer with opposing counsel.

## CONCLUSION

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion [#70] is **DENIED**;

(2) The Status Conference set for March 5, 2019 is **VACATED**; and

(2) A copy of this Order shall be sent to the following:

> Drew Miller
> 1855 Smoke Ridge Drive
> Colorado Springs, CO 80919.

DATED: February 26, 2019         BY THE COURT:

Nina Y. Wang
United States Magistrate Judge