# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02411-NYW

DREW MILLER,

    Plaintiff,

v.

INSTITUTE FOR DEFENSE ANALYSES, *a Delaware Non-Profit Corporation*,

    Defendant.

# ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on two motions filed today, May 2, 2019, by Defendant Institute for Defense Analyses ("Defendant" or "IDA"):

    (1)    Motion for Leave to File Under Restriction Exhibits to Emergency Motion to Enforce Protective Order and Request for Forthwith Hearing (the "Motion to Restrict"), [#83]; and

    (2)    Emergency Motion to Enforce Protective Order and Request For Forthwith Hearing (the "Emergency Motion"), [#84].

This civil action was referred to the undersigned Magistrate Judge to preside over fully for all purposes pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated December 27, 2017 [#14]. Upon review of the Motions and applicable law, the court hereby **ORDERS** the Parties to address the issue of the court's jurisdiction over the Emergency Motion no later than May 9, 2019, and **GRANTS** the Motion to Restrict.

**BACKGROUND**

The court has discussed the background of this case in prior Orders, *see* [#34; #75], and, therefore, it will limit its discussion herein to only the facts most relevant to the pending Motion. Dr. Miller initiated this action on October 6, 2017, asserting federal claims against IDA for: False Claims Act retaliation ("Claim 1"), Defense Contractor Whistleblower Protection Act retaliation ("Claim 2"), and non-payment of earned wages under the Fair Labor Standards Act ("FLSA") ("Claim 3"); as well as state law claims for: wrongful discharge in violation of public policy ("Claim 4"), termination for lawful off-duty activity ("Claim 5"), and unlawful prevention of an employee's political participation ("Claim 6"). *See generally* [#1]. The court granted Defendant's Partial Motion to Dismiss and dismissed Claim 3, and Plaintiff did not seek leave to further amend Claim 3 despite an opportunity to do so. *See* [#34; #35].

The court entered a Scheduling Order on February 7, 2018. [#20]. During a Status Conference held before the court on April 13, 2018, Defendant indicated its intent to seek a Protective Order, and Dr. Miller objected to any Protective Order. [#30]. The court ordered briefing, which followed. *See* [#31; #32]. On July 2, 2018, the court granted in part and denied in part IDA's Motion for Protective Order. *See* [#36]. The court concluded that: (1) IDA's status as a Federally Funded Research and Development Center ("FFRDC") did not, standing alone, prohibit the issuance of a protective order; (2) Plaintiff's desire to unilaterally share discovery in this litigation to third parties did not defeat the issuance of an appropriate protective order; and (3) IDA's proposed Protective Order needed further refinement as to the definitions of "proprietary and confidential" and to the identification of those non-parties that could receive and/or review confidential information. *See generally* [*id.*]. Upon review of the Parties' second proposed Protective Order [#39], the court issued a Protective Order that defined "proprietary" and

"confidential" and precluded the Parties from sharing or using such information "for any purpose except the preparation and trial of this case <u>unless otherwise authorized by the disclosing party or the court</u>." [#40 at 3 (emphasis in original)].

On February 26, 2019, the court entered a Memorandum Opinion and Order granting Defendant's Motion for Summary Judgment and dismissing Plaintiff's claims with prejudice. *See* [#75]. That same day, the court denied Plaintiff's Notification of Government Accountability Office Contact and Request for Approval to Release All Documents on This Case to GAO and Decision on IDA MSJ [#70]. *See* [#76]. Final Judgment entered in favor of Defendant and against Plaintiff on February 28, 2019, [#77], and the case terminated accordingly. Dr. Miller appealed the court's Final Judgment to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") on March 25, 2019. *See* [#78]. The Clerk of the Court certified to the Tenth Circuit that the record was complete on April 16, 2019. *See* [#81].

IDA filed the instant Motions today, May 2, 2019. *See* [#83; #84]. The Motion to Restrict seeks leave to restrict several documents filed as exhibits to the Emergency Motion, namely, a report compiled by Dr. Miller that quotes and intends to use as exhibits documents that were deemed confidential under the Protective Order entered in this matter. *See* [#83]. The Emergency Motion seeks an Order from the court enforcing the terms of the Protective Order, including the threat of contempt, to prohibit Dr. Miller from releasing his report "to the GAO FraudNET, whistleblower and government watchdog groups, Professional Services Council, and some IDA Board Members[.]" [#84 at 4]. Dr. Miller has not responded to the Motions, but due to the exigent circumstances articulated by Defendant, this court finds it to be appropriate to address both motions at this time. *See* D.C.COLO.LCivR 7.1(d); D.C.COLO.LCivR 7.2(d) ("Absent exigent

circumstances, no ruling on a motion to restrict shall be made until the time for objection has passed.").

## ANALYSIS

It is axiomatic that "a federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously," that is, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (internal quotation marks omitted); *see also Smith v. Phillips*, 881 F.2d 902, n.5 (10th Cir. 1989) ("We also note that the December 21, 1988, notice of appeal of summary judgment in favor of Hatch divested the district court of jurisdiction."). Indeed, any subsequent action by the district court following a notice of appeal is null and void. *See Riggins v. City of Louisville*, No. CIV.A 06-CV-02261-WYD, 2008 WL 4293652, at *1 (D. Colo. Sept. 16, 2008) (overruling the magistrate judge's Order on a motion for protective order given the interlocutory appeal before the Tenth Circuit, because the motion for protective order was not a tangential or ministerial matter to the appeal). Only for matters considered peripheral or collateral, such as attorney's fees, *see Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998), or for "performing certain ministerial functions in aid of the appeal, such as correcting clerical mistakes in the record, approving appeal bonds, and issuing stays or injunctions pending the appeal," *Stewart*, 915 F.2d at 575 n.3, may a district court retain jurisdiction pending a general appeal.

Here, it is not clear to this court that it has jurisdiction to adjudicate the Emergency Motion. At the heart of Dr. Miller's Complaint were his allegations that he was retaliated against based on his whistleblowing activities, and the Emergency Motion involves Dr. Miller's further attempts to

publicize what he believes to be Defendant's wrongdoings. Dr. Miller's pending appeal addresses some of the same allegations. Indeed, several of the documents quoted and sought to be used as exhibits were documents this court considered in reaching its ruling on summary judgment that is before the Tenth Circuit on appeal. *See Riggins*, 2008 WL 4293652, at *2 ("Instead, one of the documents at issue in the motion directly concerned the issues on appeal since it was relied on by Plaintiff to defend the Defendants' summary judgment motion that is pending on appeal.")

Defendant does not discuss this court's jurisdiction to entertain the Emergency Motion or order the requested relief, and this court's limited research today did not yield a definitive answer. *Compare Riggins*, 2008 WL 4293652 *with Knight ex rel. P.K. v. Colvin*, No. CIV 12-0382 JB/LFG, 2014 WL 59994, at *6 (D.N.M. Jan. 2, 2014) ("Furthermore, a district court retains jurisdiction to enforce its orders or judgments through contempt proceedings following the filing of an appeal."). And from this court's review of the docket of the Tenth Circuit, it does not appear that Defendant has sought to abate the appeal pending the resolution of this instant Motion. *See Miller v. Institute of Defense Analyses*, Case No. 19-1110 (10th Cir. 2019); *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1219 n.2 (10th Cir. 2011) (A court may also take judicial notice of other courts' files and records from the Electronic Court Filing ("ECF") system, as facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). Accordingly, this court **ORDERS** the Parties to address the issue of this court's jurisdiction no later than **May 9, 2019**. And, though not passing on the merits of the Emergency Motion, **Dr. Miller is reminded that a party has no right to make unrestricted disclosure of information obtained through discovery,** see *Boulder Valley School Dist. RE-2*, **196 F.R.D. 382, 387 (D. Colo. 2000), and the Protective Order in this case prevents any party from using information**

**designated as "Confidential" for any purpose except the preparation and trial of this case unless otherwise authorized by the disclosing party or the court.** [#40 at 3].

The court, however, finds that the Motion to Restrict involves matters tangential to the pending appeal. Therefore, consistent with the Protective Order entered in this case, the court will **GRANT** the Motion to Restrict.

## CONCLUSION

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that:

(1) IDA's Motion to Restrict [#83] is **GRANTED**, and the Clerk of the Court is **DIRECTED** to **MAINTAIN** Level 1 Restriction over [#85];

(2) The Parties will **ADDRESS** the issue of jurisdiction of this court over the Emergency Motion in a filing no later than **May 9, 2019**; and

(3) A copy of this Order shall be sent to the following:

Drew Miller
1855 Smoke Ridge Drive
Colorado Springs, CO 80919.[1]

DATED: May 2, 2019

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[1] In the interest of expediency, defense counsel shall also provide a courtesy copy of this Order to Dr. Miller via electronic mail message.