IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02411-NYW

DREW MILLER,

    Plaintiff,

v.

INSTITUTE FOR DEFENSE ANALYSES, *a Delaware Non-Profit Corporation*,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Institute for Defense Analyses' ("Defendant" or "IDA") Emergency Motion to Enforce Protective Order and Request For Forthwith Hearing (the "Emergency Motion"), filed May 2, 2019. [#84]. This civil action was referred to the undersigned Magistrate Judge to preside over fully for all purposes pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated December 27, 2017 [#14]. Upon review of the Motion, the supplemental briefing concerning this court's jurisdiction, and the applicable law, the court **GRANTS** the Emergency Motion.

### BACKGROUND

    The court has discussed the background of this case in prior Orders, *see* [#34; #75], and, therefore, it will limit its discussion herein to only the facts most relevant to the pending Motion. Dr. Miller initiated this action on October 6, 2017, asserting federal claims against IDA for: False Claims Act retaliation ("Claim 1"), Defense Contractor Whistleblower Protection Act retaliation ("Claim 2"), and non-payment of earned wages under the Fair Labor Standards Act ("FLSA") ("Claim 3"); as well as state law claims for: wrongful discharge in violation of public policy

("Claim 4"), termination for lawful off-duty activity ("Claim 5"), and unlawful prevention of an employee's political participation ("Claim 6"). *See generally* [#1]. The court granted Defendant's Partial Motion to Dismiss and dismissed Claim 3, and Plaintiff did not seek leave to further amend Claim 3 despite an opportunity to do so. *See* [#34; #35].

The court entered a Scheduling Order on February 7, 2018. [#20]. During a Status Conference held before the court on April 13, 2018, Defendant indicated its intent to seek a Protective Order, and Dr. Miller objected to any Protective Order. [#30]. The court ordered briefing, which followed. *See* [#31; #32]. On July 2, 2018, the court granted in part and denied in part IDA's Motion for Protective Order. *See* [#36]. The court concluded that: (1) IDA's status as a Federally Funded Research and Development Center ("FFRDC") did not, standing alone, prohibit the issuance of a protective order; (2) Plaintiff's desire to unilaterally share discovery in this litigation to third parties did not defeat the issuance of an appropriate protective order; and (3) IDA's proposed Protective Order needed further refinement as to the definitions of "proprietary and confidential" and to the identification of those non-parties that could receive and/or review confidential information. *See generally* [*id.*]. Upon review of the Parties' second proposed Protective Order [#39], the court issued a Protective Order that defined "proprietary" and "confidential" and precluded the Parties from sharing or using such information "for any purpose except the preparation and trial of this case <u>unless otherwise authorized by the disclosing party or the court</u>." [#40 at 3 (emphasis in original)].

On February 26, 2019, the court entered a Memorandum Opinion and Order granting Defendant's Motion for Summary Judgment and dismissing Plaintiff's claims with prejudice. *See* [#75]. That same day, the court denied Plaintiff's Notification of Government Accountability Office Contact and Request for Approval to Release All Documents on This Case to GAO and

2

Decision on IDA MSJ [#70]. *See* [#76]. Final Judgment entered in favor of Defendant and against Plaintiff on February 28, 2019, [#77], and the case terminated accordingly. Dr. Miller appealed the court's Final Judgment to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") on March 25, 2019. *See* [#78]. The Clerk of the Court certified to the Tenth Circuit that the record was complete on April 16, 2019. *See* [#81].

IDA filed the instant Emergency Motion on May 2, 2019. *See* [#84]. The Emergency Motion seeks an Order from the court enforcing the terms of the Protective Order, including the threat of contempt, to prohibit Dr. Miller from releasing his report "to the GAO FraudNET, whistleblower and government watchdog groups, Professional Services Council, and some IDA Board Members[.]" [#84 at 4]. On May 2, 2019, the court issued an Order granting IDA's Motion to Restrict [#83] and directing the Parties to file supplemental briefing on the issue of whether the court had jurisdiction to consider the Emergency Motion given the pending appeal of the merits of this matter by Dr. Miller to the Tenth Circuit. *See* [#86]. IDA filed its supplemental brief on May 8, 2019. *See* [#87]. Dr. Miller has not responded to the Motion or filed supplemental briefing, but due to the exigent circumstances articulated by Defendant, this court finds it to be appropriate to address the Emergency Motion presently. *See* D.C.COLO.LCivR 7.1(d).

## ANALYSIS

**I.  Jurisdiction**

It is axiomatic that "a federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously," that is, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (internal quotation marks omitted); *see also Smith v. Phillips*, 881

F.2d 902, n.5 (10th Cir. 1989) ("We also note that the December 21, 1988, notice of appeal of summary judgment in favor of Hatch divested the district court of jurisdiction."). Indeed, any subsequent action by the district court following a notice of appeal is null and void. *See Riggins v. City of Louisville*, No. CIV.A 06-CV-02261-WYD, 2008 WL 4293652, at *1 (D. Colo. Sept. 16, 2008) (overruling the magistrate judge's Order on a motion for protective order given the interlocutory appeal before the Tenth Circuit, because the motion for protective order was not a tangential or ministerial matter to the appeal). Only for matters considered peripheral or collateral, such as attorney's fees, *see Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998), or for "performing certain ministerial functions in aid of the appeal, such as correcting clerical mistakes in the record, approving appeal bonds, and issuing stays or injunctions pending the appeal," *Stewart*, 915 F.2d at 575 n.3, may a district court retain jurisdiction pending a general appeal. In addition to retaining jurisdiction over collateral matters, district courts retain jurisdiction to enforce their own Orders or judgments while the case is up on appeal in the absence of a stay pending appeal. *See, e.g.*, *Knight ex rel. P.K. v. Colvin*, No. CIV 12-0382 JB/LFG, 2014 WL 59994, at *6 (D.N.M. Jan. 2, 2014) ("Furthermore, a district court retains jurisdiction to enforce its orders or judgments through contempt proceedings following the filing of an appeal."); *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1032 (N.D. Iowa 2004) ("Additionally, the district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." (internal quotation marks omitted)).

Though the court could not locate any authority directly on point,[1] I conclude that that if the court retains jurisdiction to enforce its orders or judgments in the absence of a stay pending

---

[1] Many of the cases IDA relies on its supplemental brief in support of this court's jurisdiction dealt with the enforcement of protective orders by the district court after a case had been settled and/or voluntarily dismissed, not while the merits were pending appeal, *e.g.*, *United Nuclear Corp. v.*

4

appeal, this authority also extends to the court to grant the relief requested in the Emergency Motion. *Cf. Island Creek Coal Sales Co. v. City of Gainesville, Fla.*, 764 F.2d 437, 440 (6th Cir. 1985) ("Where, as here, the district court is attempting to supervise its judgment and enforce its order through civil contempt proceedings, pendency of appeal does not deprive it of jurisdiction for these purposes."). At the heart of Dr. Miller's Complaint were his allegations that he was retaliated against based on his whistleblowing activities regarding waste and inappropriate decision-making, and the Emergency Motion involves Dr. Miller's new, further attempts to publicize what he believes to be Defendant's wrongdoings. While Dr. Miller's pending appeal addresses some of the same allegations, and several of the documents quoted and sought to be used as exhibits were documents this court considered in reaching its ruling on summary judgment that is before the Tenth Circuit on appeal, this court finds that the threat of new, public disclosures of information is collateral to the central issue on appeal, i.e., whether Dr. Miller was terminated due to his prior whistleblowing activities. *Cf. Riggins*, 2008 WL 4293652, at *2 ("Instead, one of the documents at issue in the motion directly concerned the issues on appeal since it was relied on by Plaintiff to defend the Defendants' summary judgment motion that is pending on appeal.").

Further, it does not appear that granting the requested relief would alter the orders appealed by Dr. Miller. *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) ("while an appeal is pending, the district court may not reexamine or supplement the order being appealed"). Accordingly, though not entirely clear, the court concludes that it has jurisdiction to reach the merits of the Emergency Motion.

---

*Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 501 (S.D. Ohio 2002); *Ex parte Bland*, 380 S.C. 1, 667 S.E.2d 540 (2008); *Davis v. Jennings*, 304 S.C. 502, 405 S.E.2d 601 (1991), and only one dealt with the enforcement of a <u>criminal</u> protective order issued by an Iowa state court while the defendant appealed the underlying conviction, *e.g.*, *Shedlock v. Iowa Dist. Ct.*, 534 N.W.2d 656, 658-59 (Iowa 1995).

## II. The Emergency Motion

The Emergency Motion states that, despite the entered Protective Order [#40], and since the court dismissed this matter, Dr. Miller "has continued to threaten public disclosure of documents and information expressly subject to the protective order in this case." [#84 at 2]. Specifically, Dr. Miller notified IDA of his intent to provide a report containing information and documents subject to the protective order to "the GAO FraudNET, whistleblower and government watchdog groups, Professional Services Council, and some IDA Board Members I know." [*Id.* at 4 (internal quotation marks omitted)]. IDA did not consent to the release of Dr. Miller's report because it relied heavily on and quoted documents subject to the Protective Order and some that the court had placed under Level 1 Restriction. *See* [*id.* at 4-5]. In a correspondence with IDA, Dr. Miller expressed his disagreement with IDA's position, and stated that he "will not wait on any court decision, my memo to the GAO and other organizations and individuals will go out this week, just without the evidence for now." [*Id.* at 5 (internal quotation marks omitted); #84-2].

This current dispute between the Parties is not new. Indeed, this court has issued written Orders on whether Plaintiff could disclose documents obtained in the course of this litigation with non-parties and the public. *See, e.g.,* [#36; #76]. Most recently, this court denied Dr. Miller's request to share documents obtained in this litigation and covered by the Protective Order with the Government Accountability Office. *See* [#76 at 4]. Then, as now, the court reminds Dr. Miller that a party has no right to make unrestricted disclosure of information obtained through discovery, *see Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, 387 (D. Colo. 2000), and the Protective Order in this case prevents any party from using information designated as "Confidential" for any purpose except the preparation and trial of this case unless otherwise authorized by the disclosing

6

party or the court. [#40 at 3]. And the court specifically advises Dr. Miller that his **failure to obey orders of the court may result in the court holding him in contempt.**

**CONCLUSION**

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that:

(1) IDA's Emergency Motion [#84] is **GRANTED**; and

(2) A copy of this Order shall be sent to the following:

> Drew Miller
> 1855 Smoke Ridge Drive
> Colorado Springs, CO 80919.[2]

DATED: May 13, 2019

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[2] In the interest of expediency, defense counsel shall also provide a courtesy copy of this Order to Dr. Miller via electronic mail message.